```
        IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
                   DIVISION OF ST. CROIX
```

|  |  |
|---|---|
| DEVCON INTERNATIONAL CORPORATION, V.I. CEMENT & BUILDING PRODUCTS, INC., d/b/a MARK 21 INDUSTRIES, INC., d/b/a CONTROLLED CONCRETE PRODUCTS, INC., d/b/a SPRINGFIELD CRUSHER, | Civil No. 2001-201 |
| Plaintiffs, | |
| v. | |
| RELIANCE INSURANCE COMPANY and THE VIRGIN ISLANDS INSURANCE GUARANTY ASSOCIATION, | |
| Defendants. | |

**ATTORNEYS:**

**Maria T. Hodge, Esq.**
**Denise Francois, Esq.**
St. Thomas, U.S.V.I.
    *For the plaintiffs*.

**Douglas L. Capdeville, Esq.**
St. Croix, U.S.V.I.
    *For defendant Reliance Insurance Company*.

**Richard H. Hunter, Esq.**
St. Croix, U.S.V.I.
    *For defendant The Virgin Islands Insurance Guaranty*
    *Association*.

**MEMORANDUM OPINION**

**GÓMEZ, C.J.**

Before the Court are motions for summary judgment by Devcon International Corporation ("Devcon")[1] and V.I. Cement & Building Products, Inc. ("V.I. Cement") (together, the "Plaintiffs")[2], and defendant the Virgin Islands Insurance Guaranty Association ("VIIGA"). For the reasons given below, the Court will grant VIIGA's motion for summary judgment and deny the Plaintiffs' motion for summary judgment.

## I. FACTS

The factual background of this case is long and tedious. At bottom, the issue in this case is whether an insurer is bound by an insurance policy to cover its insured in relation to certain claims.

Devcon is a Florida corporation and the parent company of V.I. Cement, a Delaware corporation with its principal place of business in Florida. In September 1999, V.I. Cement, a Delaware

---

[1] On December 28, 2006, Devcon and V.I. Cement made a second motion to amend and supplement their complaint. The redlined Third Amended and Second Supplemental Complaint Devcon and V.I. Cement removed Devcon as a plaintiff. The Magistrate Judge denied the motion in an order dated August 9, 2007. Devcon will thus remain a plaintiff in this action.

[2] V.I. Cement filed the motion alone. On October 17, 2007, Devcon joined in the motion.

*Devcon v. Reliance*
Civil No. 2001-201
Memorandum Opinion
Page 3

company, entered into a contract with the Virgin Islands Port Authority ("VIPA") to perform work on the "Runway Extension Construction Project" (the "Project") at the Henry E. Rohlsen Airport located on St. Croix, U.S. Virgin Islands. V.I. Cement commenced work on the Project in October, 1999.

In December, 1999, residents in the vicinity of the Project began complaining to VIPA of excessive dust in the area. In response to the complaints, the Virgin Islands Department of Planning and Natural Resources issued an order for remedial action to be taken. Later that month, the residents filed claims with the United States Environmental Projection Agency, complaining that the excessive dust was causing physical injury.

VIPA settled some of the claims of the residents. Pursuant to that settlement, VIPA agreed to pay the relocation expenses for those residents. V.I. Cement bore some of the relocation costs. Devcon sought reimbursement from its insurer, Reliance, for the relocation expenses paid by V.I. Cement. Reliance concluded that Devcon's request was excluded from coverage by an insurance policy (the "Policy" or the "Insurance Policy") that Devcon had purchased from Reliance.[3] Consequently, Reliance

---

[3] Devcon and V.I. Cement were named insureds under the Policy from April 1, 1999 through April 1, 2000. The relevant section of the Policy is named, "Commercial General Liability Coverage Part."

*Devcon v. Reliance*
Civil No. 2001-201
Memorandum Opinion
Page 4

refused to compensate Devcon.

In April 2001, the residents filed suit (the "*Antoine* Litigation")[4] against VIPA and V.I. Cement, alleging, *inter alia*, that the excessive dust from the Project had resulted in physical and psychological harm as well as property damage. The *Antoine* Litigation is still pending.

The Plaintiffs sought indemnification from Reliance for any liability that they might incur from the *Antoine* Litigation. Reliance declined. As a result, on October 25, 2001, the Plaintiffs filed this declaratory action to have the Court determine the scope of coverage under the Policy.

On October 3, 2001, Reliance was adjudicated to be insolvent by an Order of Liquidation of the Commonwealth Court of Pennsylvania.[5] Thereafter, the Plaintiffs filed their First Amended Complaint, adding as a defendant the Virgin Islands Insurance Guaranty Association ("VIIGA"), a Virgin Islands nonprofit unincorporated legal entity.[6] Pursuant to the Order of

---

[4] *Antoine et. al. v. V.I. Port Authority et. al.*, Civil No. 2001-63 (D.V.I. filed April 9, 2001).

[5] *M. Diane Koken, Insurance Commissioner of the Commonwealth of Pennsylvania v. Reliance Insurance Company*, No. 269 M.D. 2001.

[6] VIIGA exists pursuant to Chapter 10, Title 22 of the Virgin Islands Code. 22 V.I.C. § 237(a) provides that when an insurer becomes insolvent, VIIGA is deemed the insurer to the extent of the insurer's obligations, rights and duties on covered

*Devcon v. Reliance*
Civil No. 2001-201
Memorandum Opinion
Page 5

Liquidation, on May 17, 2002, this Court granted Reliance's motion for an indefinite stay of this action.[7] The Plaintiffs moved for partial relief from this ruling. This Court denied the motion for partial relief on November 8, 2002. That same day, the Plaintiffs filed a notice of appeal to the Third Circuit Court of Appeals. The parties later executed a stipulation for dismissal of the appeal without prejudice. The Third Circuit accordingly entered an order dismissing the appeal on September 22, 2004.

On October 14, 2005, this Court partially vacated its May 17, 2002 stay to allow the Plaintiffs and VIIGA to litigate their respective claims and counterclaims. The stay as to Reliance remained in effect.

In March, 2002, the Plaintiffs filed their First Amended Complaint. In their complaint, the Plaintiffs request a declaratory judgment defining the scope and nature of VIIGA's responsibilities to the Plaintiffs for any liabilities alleged in the *Antoine* Litigation. The Plaintiffs now seek summary judgment, arguing that the Policy requires VIIGA to cover them for any liabilities arising out of the *Antoine* Litigation. VIIGA

---

claims.

   [7]   The caption of the Court's order did not at the time of the stay include VIIGA as a defendant.

*Devcon v. Reliance*
Civil No. 2001-201
Memorandum Opinion
Page 6

also moves for summary judgment, arguing that the Policy excludes the Plaintiffs' claims from coverage.

## II. DISCUSSION

Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Hersh v. Allen Products Co.*, 789 F.2d 230, 232 (3d Cir. 1986).

The movant has the initial burden of showing there is no genuine issue of material fact, but once this burden is met it shifts to the non-moving party to establish specific facts showing there is a genuine issue for trial. *Gans v. Mundy*, 762 F.2d 338, 342 (3d Cir. 1985). The non-moving party "may not rest upon mere allegations, general denials, or . . . vague statements . . . ." *Quiroga v. Hasbro, Inc.*, 934 F.2d 497, 500 (3d Cir. 1991). "[T]here is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). "[A]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there

*Devcon v. Reliance*
Civil No. 2001-201
Memorandum Opinion
Page 7

is a genuine issue for trial." *Id*. In making this determination, this Court draws all reasonable inferences in favor of the non-moving party. *See Bd. of Educ. v. Earls*, 536 U.S. 822, 850 (2002); *see also Armbruster v. Unisys Corp.*, 32 F.3d 768, 777 (3d Cir. 1994).

### III. ANALYSIS

**A. The Scope of Coverage under the Policy**

"The interpretation, construction and legal effect of an insurance policy is a question to be determined by the court as a matter of law." *Coakley Bay Condominium Ass'n v. Continental Ins. Co.*, 770 F. Supp. 1046, 1050 (D.V.I. 1991) (citing *Berne v. Aetna Insurance Co.*, 604 F. Supp. 958 (D.V.I.) *aff'd*, 782 F.2d 1026 (3d Cir. 1985)). Courts interpreting insurance policies should read the provisions within the context of the entire policy and any extensions attached thereto. *Id*. at 1051; 22 V.I.C. § 846 (2004).[8] Furthermore, courts "should read policy provisions to

---

[8] Title 22, section 846 of the Virgin Islands Code provides:

> Every insurance contract shall be construed according to the entirety of its terms and conditions as set forth in the policy, and as amplified, extended, or modified by any rider, endorsement, or application attached to and made a part of the policy.

22 V.I.C. § 846.

*Devcon v. Reliance*
Civil No. 2001-201
Memorandum Opinion
Page 8

avoid ambiguities, if possible, and not torture the language to create them." *Northbrook Ins. Co. v. Kuljian Corp.*, 690 F.2d 368, 372 (3d Cir. 1982) (quoting *St. Paul Fire & Marine Ins. Co. v. United States Fire Ins. Co.*, 655 F.2d 521, 524 (3d Cir. 1981)).

If the terms of a policy are unambiguous, it must be construed according to its plain language. Indeed, the "understanding of an ordinary person is the standard to be used in construing the insurance policy." *Evanston Ins. Co. v. Treister,* 794 F. Supp. 560, 569 (D.V.I. 1992). If any ambiguity exists, however, it must be construed against the insurer, and in a manner which is more favorable to coverage. *Vlastos v. Sumitomo Marine & Fire Ins. Co. (Europe) Ltd.*, 707 F.2d 775, 778 (3d Cir. 1983); *Evanston Ins. Co. v. Treister*, 794 F. Supp. 560, 569 (D.V.I. 1992).

1.  **The Plaintiffs' Claims**

The Plaintiffs and VIIGA dispute whether claims from the *Antoine* Litigation are covered by the Insurance Policy. When determining whether a given claim is covered under an insurance policy, the burden is on the insured to establish coverage in the first instance. *Nationwide Mut. Ins. Co. v. Cosenza*, 258 F.3d 197, 206 (3d Cir. 2001) (citation omitted). The Plaintiffs cite the following language from the Policy in support of its contention that its claims are covered by the Policy:

*Devcon v. Reliance*
Civil No. 2001-201
Memorandum Opinion
Page 9

> We will pay those sums that the insured becomes legally obligated to pay as damages because of bodily injury or property damages to which this insurance applies.  This insurance applies only to bodily injury and property damage which occurs during the policy period.  The bodily injury or property damage must be caused by an occurrence.  The occurrence must take place in the coverage territory.  We will have the right and duty to defend any suit to which this insurance applies, seeking those damages.

(Pls.' Statement of Undisputed Facts, Exh. 1 at 3).

It is undisputed that the Policy was in effect from April 1, 1999 through April 1, 2000.  It is also undisputed that the Policy defines (1) "bodily injury" as "bodily injury, sickness or disease sustained by a person, including care, loss of services or death resulting from any of these at any time"; (2) "coverage territory" as "the United States of America (including its territories and possessions), Puerto Rico and Canada"; (3) "occurrence" as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions; and (4) "property damage" as "physical injury to tangible property, including all resulting loss or use of that property [or] loss of use of tangible property that is not physically injured." (Pls.' Statement of Undisputed Facts, Exh. 1 at 14-17).

The parties also do not dispute that the residents in the *Antoine* Litigation seek relief from bodily and property damage from "pollutants, dust and contaminants" caused by the Project

*Devcon v. Reliance*
Civil No. 2001-201
Memorandum Opinion
Page 10

beginning in October 1999. The residents thus allege bodily injury and property damage from events that occurred within the coverage territory and during the coverage period. These claims clearly fall within the scope of the Policy.

**2.    The Policy's Pollution Exclusion Clauses**

VIIGA argues that the Policy's exclusion clauses bar coverage of the Plaintiffs' claims. Whereas the policy-holder must establish that a claim falls within the scope of coverage in the first instance, the insurer bears the burden of proving that an exclusion bars coverage. *Nationwide Mut. Ins. Co.*, 258 F.3d at 206. VIIGA cites the following language in support of its argument that the Policy's pollution exclusion clause bars coverage:

> This insurance does not apply to:
>
> (1) "Bodily injury" or "property damage" which would not have occurred in whole or part but for the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of pollutants at any time.
>
> (2)  Any loss, cost or expense arising out of any:
>
>> (a)  Request, demand or order that any insured or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of pollutants;
>
> . . . .
> Pollutants means any solid, liquid, gaseous, or thermal irritant or contaminant including smoke, vapor, soot, fumes, acid, alkalis, chemicals and waste . . . .

*Devcon v. Reliance*
Civil No. 2001-201
Memorandum Opinion
Page 11

(Defs.' Mem. of Law at 9). The Policy's exclusions are practically identical to the exclusions this Court reviewed in *General Star Indemnity Co. v. V.I. Port Authority*, Civil No. 2001-188, 2007 U.S. Dist. LEXIS 4444 (D.V.I. Jan. 5, 2007), which arose from the same facts as those in this action.

In *General Star*, the Court granted summary judgment to the insurer, General Star Indemnity Company, against its insured, VIPA, for claims arising out of the residents' claims. The Court found that "reasonably intelligent people would agree that terms of [the] exclusion cover claims relating to harm caused by 'any' solid, liquid, gaseous, or thermal irritant or contaminant" and that "[t]he terms of the pollution exclusion are broad and unambiguous." *Gen. Star Indem. Co.,* 2007 U.S. Dist. LEXIS 4444, at *14. The Court further held that "[a]n ordinary reading of the terms of exclusion supports the unambiguous proposition that it applies to damages caused by the release of 'any' substance that could cause irritation or contamination, including dust or other unidentified 'pollutants.'" *Id.* at *15.

Notwithstanding the Court's ruling in *General Star*, the Plaintiffs argue that a contrary result is required here. In support of this argument, the Plaintiffs rely on this Court's decision in *Mahogany Run Condominium Association v. Certain Underwriters at Lloyds*, Civil No. 2003-51, 2004 U.S. Dist. LEXIS

*Devcon v. Reliance*
Civil No. 2001-201
Memorandum Opinion
Page 12

17751, at *9-10 (D.V.I. Aug. 30, 2004). That reliance is misplaced.

In that case, the Court found a policy exclusion ambiguous, and thus granted summary judgment for the plaintiff insured. The exclusion in *Mahogany Run* provided that the policy did not cover "'[b]odily injury' or 'property damage' which would not have occurred in whole or part but for the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of pollutants at any time." *Mahogany Run Condo. Ass'n*, 2004 U.S. Dist. LEXIS 17751, at *2-3. In *Mahogany Run*, the Court proceeded on the assumption that the policy exclusion was ambiguous. The fatal flaw in the Plaintiffs' argument is that there is no such ambiguity here. Indeed, the exclusion in the case now before the Court could not be any clearer. It bars "any loss, cost or expense *arising out of* any . . . discharge, dispersal, seepage, migration, release or escape of pollutants at any time." (Pls.' Statement of Undisputed Facts, Exh. 1 at 18) (emphasis supplied). The "'arising out of' language suggests that 'a claim need bear only an incidental relationship to the described conduct for the exclusion to apply.'" *Gen. Star Indem. Co.*, 2007 U.S. Dist. LEXIS 4444, at *12 (quoting *Nutmeg Ins. Co. v. Clear Lake City Water Authority*, 229 F. Supp. 2d 668, 697 (S.D. Tex. 2002)). Accordingly, the Court finds that the plain

*Devcon v. Reliance*
Civil No. 2001-201
Memorandum Opinion
Page 13

language of the pollution exclusion bars coverage of the Plaintiffs' claims.

**B.    Waiver and Estoppel**

The Plaintiffs argue that VIIGA agreed to assume their defense in the *Antoine* Litigation and that VIIGA did not reserve its right not to defend them.  The Plaintiffs also contend that they relied on a letter from VIIGA's counsel[9] when they agreed to dismiss their appeal to the Third Circuit of this Court's order staying the Plaintiffs' litigation against Reliance.  The Plaintiffs thus appear to raise both waiver and estoppel claims.

**1.    Waiver of the Defense of Non-Coverage**

Generally,

> a liability insurer which assumes and conducts the defense of an action brought against the insured with knowledge of facts taking the accident or injury outside the coverage of the policy, and without disclaiming liability or giving notice of a reservation of its right to deny coverage, is thereafter precluded

---

[9] During the pendency of the Plaintiffs' appeal of this Court's order staying the litigation against Reliance, VIIGA's counsel stated in a letter to Devcon's counsel that "coverage for the loss is precluded by the total pollution exclusion and as such the claims are not covered by the terms of the policy issued by Reliance." (Defs.' Opp. to Pls.'s Mot. for Summ. J., Exh. K). Devcon's counsel replied by letter to confirm a telephone conversation in which "you [VIIGA's counsel] advised me that [VIIGA] will assume the tender of the defense of V.I. Cement . . . ." (Pls.' Statement of Undisputed Facts, Exh. 16).  VIIGA's counsel wrote back to "confirm[] that [VIIGA] will assume the tender of the defense from V.I. Cement . . . ." (Defs.' Opp. to Pls.'s Mot. for Summ. J., Exh. M).

*Devcon v. Reliance*
Civil No. 2001-201
Memorandum Opinion
Page 14

> in an action upon the policy from setting up the defense of noncoverage. In other words, the insurer's unconditional defense of an action brought against its insured constitutes waiver of the terms of the policy and an estoppel of the insurer to assert such grounds.

*Anderson v. Nat'l Chiropractic Mut. Ins. Co.*, 38 V.I. 47, 52 (Terr. Ct. 1997). "This general rule is limited by the principle that the insurer will not be prevented from denying coverage where it provides timely notice to the insured that its assumes the defense of a claim under a reservation of rights." *Id.* (citing *Aetna Life & Casualty Co. (Casualty & Surety Div.) v. McCabe*, 556 F. Supp. 1342, 1354 (E.D. Pa. 1983)). "If this is done, the insurer will not be precluded from its ability to later disclaim liability." *Id.* (citing *Draft Systems, Inc. v. Alspach*, 756 F.2d 293 (3d Cir. 1985) (applying Pennsylvania law)).

"Timeliness is a two-step question. The Court looks first to the earliest moment that the insurer should have become aware of the substantial possibility of conflict between its own interests and those of the insured, and then measures the time elapsing between that time and the time of notification." *Id.* (citing *Cozzens v. Bazzani Bldg. Co.*, 456 F. Supp. 192, 194 (E.D. Mich. 1978)). "Moreover, the insurer must have had actual knowledge of the nature of the claim before it will be liable for failure to timely inform insured of its position regarding noncoverage." *Id.*

*Devcon v. Reliance*
Civil No. 2001-201
Memorandum Opinion
Page 15

The record in this case abounds with evidence that the Plaintiffs were on notice that Reliance and VIIGA were reserving their rights under the Policy. Reliance wrote to the Plaintiffs on May 15, 2000, stating that Reliance "reserves its rights to deny coverage for this claim while it continues its investigation." (Pls.' Statement of Undisputed Facts, Exh. 3). On November 10, 2000, Reliance again wrote to the Plaintiffs, stating that "[t]his reservation of rights letter supplements our earlier reservation of rights letter, dated May 15, 2000, concerning these claims." (Defs.' Mot. for Summ. J., Exh. C). Notably, the May 15, 2000 letter came only ten days after Reliance was notified of the potential claims. VIIGA's answer and counterclaim in this action reiterate this reservation of rights, and were filed on May 28, 2002, two and one-half months after the Plaintiffs filed their First Amended Complaint. There is little doubt that Reliance and VIIGA timely informed the Plaintiffs of their reservation of rights with regard to coverage. The Court finds that VIIGA did not waive its right to deny coverage.

2. **Estoppel and the Right to Deny Coverage**

"Equitable estoppel is an affirmative defense which operates to 'prohibit a party from subjecting another party to loss or injury when the other party has been led by the first party to do

*Devcon v. Reliance*
Civil No. 2001-201
Memorandum Opinion
Page 16

something which it otherwise would not have done.'" *Government Guar. Fund of Fin. v. Hyatt Corp.*, 955 F. Supp. 441, 458 (D.V.I. 1997) (quoting *Billman v. Alley Assocs.*, Civ. Nos. 79-197, 81-122, at 7 (D.V.I. May 3, 1983)). The elements of estoppel are:

> (1) a representation of some kind made by the party to be estopped which often consists of some verbal statement . . . that something is true or not true contrary to the actual facts and the estopped party's later claim;
> (2) an intention or expectation that one's conduct shall be acted upon by, or influence, the party seeking estoppel;
> (3) full knowledge by the party sought to be estopped of the true facts at the time of the representation;
> (4) the party claiming estoppel must have, as a result of the other party's conduct, acted or failed to act so that his position was changed in such a way that he will suffer injury if the other party is not estopped, and the party claiming estoppel must not have had knowledge of the misrepresented facts.

*Id.* (internal citations omitted).

Here, again, there is no genuine issue of material fact in dispute. The chronology of events, though characterized differently by the parties, is clear. On November 8, 2002, the Plaintiffs appealed an order of this Court to the Third Circuit. On December 18, 2002, the Third Circuit requested responses from the parties regarding a possible jurisdictional defect. On

*Devcon v. Reliance*
Civil No. 2001-201
Memorandum Opinion
Page 17

December 27, 2002, VIIGA filed a motion to dismiss the appeal.[10] On May 14, 2004, in response to a communication from the Plaintiffs, VIIGA's counsel agreed to defend the Plaintiffs. On August 3, 2004, the Third Circuit issued a briefing schedule for the appeal. In late August and early September, the parties executed a stipulation for dismissal of the appeal without prejudice. At all relevant times, VIIGA or Reliance indicated a clear intention to reserve the right to deny coverage.

    The Plaintiffs argue generally that they stipulated to the dismissal of their appeal based on VIIGA's representation that it would defend them. However, there is no competent evidence (1) that VIIGA's representations regarding its assumption of the Plaintiffs' defense were made with knowledge that such representations would induce action; (2) that the Plaintiffs reasonably and justifiably relied on those representations; and (3) that the Plaintiffs have suffered injury as a result of their reliance. Even assuming that the Plaintiffs were induced by VIIGA to dismiss their appeal, that dismissal in no way adversely affected the Plaintiffs' claims against VIIGA. Indeed, those claims remain intact and are now before the Court. The Court

---

[10] The Plaintiffs appealed an interlocutory order of this Court. The Third Circuit advised the parties that it possibly lacked jurisdiction because the order was not final within the meaning of 28 U.S.C. § 1291.

*Devcon v. Reliance*
Civil No. 2001-201
Memorandum Opinion
Page 18

thus finds that VIIGA is not estopped from denying coverage.

### IV. <u>CONCLUSION</u>

Because there are no material facts in dispute and VIIGA is entitled to judgment as a matter of law, the Court will grant VIIGA's motion for summary judgment and deny the Plaintiffs' motion for summary judgment. An appropriate judgment follows.

**Dated: October 23, 2007**            S\_____
                                           **CURTIS V. GÓMEZ**
                                           **Chief Judge**


**Copies to:**      Hon. Geoffrey W. Barnard
                    Maria T. Hodge, Esq.
                    Denise Francois, Esq.
                    Douglas L. Capdeville, Esq.
                    Richard H. Hunter, Esq.
                    Carol C. Jackson
                    Olga Schneider
                    Lydia Trotman
                    Claudette Donovan
                    Gregory F. Laufer