```
          IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
                     DIVISION OF ST. CROIX
```

|  |  |
|---|---|
| DEVCON INTERNATIONAL CORPORATION,<br>V.I. CEMENT & BUILDING PRODUCTS,<br>INC., d/b/a MARK 21 INDUSTRIES,<br>INC., d/b/a CONTROLLED CONCRETE<br>PRODUCTS, INC., d/b/a SPRINGFIELD<br>CRUSHER,<br><br>        Plaintiffs,<br><br>        v.<br><br>RELIANCE INSURANCE COMPANY and THE<br>VIRGIN ISLANDS INSURANCE GUARANTY<br>ASSOCIATION,<br><br>        Defendants. | Civil No. 2001-201 |

**ATTORNEYS:**

**James L. Hymes, III, Esq.**
**Maria T. Hodge, Esq.**
**Denise Francois, Esq.**
St. Thomas, U.S.V.I.
    *For the plaintiffs*.

**Douglas L. Capdeville, Esq.**
St. Croix, U.S.V.I.
    *For defendant Reliance Insurance Company*.

**Richard H. Hunter, Esq.**
St. Croix, U.S.V.I.
    *For defendant The Virgin Islands Insurance Guaranty*
    *Association*.

<u>MEMORANDUM OPINION</u>

**GÓMEZ, C.J.**

    Before the Court is the motion of the plaintiffs, Devcon International Corporation ("Devcon") and V.I. Cement & Building

*Devcon v. Reliance*
Civil No. 2001-201
Memorandum Opinion
Page 2

Products, Inc. ("V.I. Cement") (together, the "Plaintiffs"), for reconsideration of this Court's grant of summary judgment in favor of defendant the Virgin Islands Insurance Guaranty Association ("VIIGA").

## I. FACTUAL AND PROCEDURAL BACKGROUND

Devcon is the parent company of V.I. Cement. In September 1999, V.I. Cement entered into a contract with the Virgin Islands Port Authority ("VIPA") to perform work on the "Runway Extension Construction Project" (the "Project") at the Henry E. Rohlsen Airport located on St. Croix, U.S. Virgin Islands. V.I. Cement commenced work on the Project in October, 1999.

In December, 1999, residents in the vicinity of the Project began complaining to VIPA of excessive dust in the area. In response to the complaints, the Virgin Islands Department of Planning and Natural Resources issued an order for remedial action to be taken. Later that month, the residents filed claims with the United States Environmental Projection Agency, complaining that the excessive dust was causing physical injury.

VIPA settled some of the claims of the residents. Pursuant to that settlement, VIPA agreed to pay the relocation expenses for those residents. V.I. Cement bore some of the relocation costs. Devcon sought reimbursement from its insurer, Reliance Insurance Company ("Reliance"), for the relocation expenses paid

*Devcon v. Reliance*
Civil No. 2001-201
Memorandum Opinion
Page 3

by V.I. Cement.  Reliance concluded that Devcon's request was excluded from coverage by an insurance policy (the "Policy" or the "Insurance Policy") that Devcon had purchased from Reliance.  Consequently, Reliance refused to compensate Devcon.

In April 2001, the residents filed suit (the "*Antoine* Litigation")[1] against VIPA and V.I. Cement, alleging, *inter alia*, that the excessive dust from the Project had resulted in physical and psychological harm as well as property damage.  The *Antoine* Litigation is still pending.

The Plaintiffs sought indemnification from Reliance for any liability that they might incur from the *Antoine* Litigation.  Reliance declined.  As a result, on October 25, 2001, the Plaintiffs filed this declaratory action to have the Court determine the scope of coverage under the Policy.

On October 3, 2001, Reliance was adjudicated to be insolvent by an Order of Liquidation of the Commonwealth Court of Pennsylvania.[2]  Thereafter, the Plaintiffs filed their First Amended Complaint, adding VIIGA, a Virgin Islands nonprofit

---

[1] *Antoine et. al. v. V.I. Port Authority et. al.*, Civil No. 2001-63 (D.V.I. filed April 9, 2001).

[2] *M. Diane Koken, Insurance Commissioner of the Commonwealth of Pennsylvania v. Reliance Insurance Company*, No. 269 M.D. 2001.

*Devcon v. Reliance*
Civil No. 2001-201
Memorandum Opinion
Page 4

unincorporated legal entity,[3] as a defendant.

The Plaintiffs and VIIGA both filed motions for summary judgment. The Plaintiffs' argued that claims from the *Antoine* Litigation were covered by the Policy. VIIGA argued that those claims were excluded by the Policy's coverage exclusion provisions. After reviewing the Policy and finding that its exclusion provisions unambiguously barred coverage of the *Antoine* Litigation claims, the Court denied the Plaintiffs' motion and granted VIIGA's motion. The Plaintiffs now seek reconsideration of that ruling.

## II. ANALYSIS

Motions for reconsideration are governed by Local Rule of Civil Procedure 7.4, which provides:

> A party may file a motion asking a judge or magistrate judge to reconsider an order or decision made by that judge or magistrate judge. Such motion shall be filed within ten (10) days after the entry of the order or decision unless the time is extended by the court. . . . A motion to reconsider shall be based on: (1) intervening change in controlling law; (2) availability of new evidence, or; (3) the need to correct clear error or prevent manifest injustice.

Local R. Civ. P. 7.4 (2000). The purpose of a motion for

---

[3] VIIGA exists pursuant to Chapter 10, Title 22 of the Virgin Islands Code. 22 V.I.C. § 237(a) provides that when an insurer becomes insolvent, VIIGA is deemed the insurer to the extent of the insurer's obligations, rights and duties on covered claims.

*Devcon v. Reliance*
Civil No. 2001-201
Memorandum Opinion
Page 5

reconsideration "is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). Such motions are not substitutes for appeals, and are not to be used as "a vehicle for registering disagreement with the court's initial decision, for rearguing matters already addressed by the court, or for raising arguments that could have been raised before but were not." *Bostic v. AT&T of the V.I.*, 312 F. Supp. 2d 731, 733 (D.V.I. 2004). As the *Bostic* court noted, ". . . Local Rule 7.4 affirms the common understanding that reconsideration is an 'extraordinary' remedy not to be sought reflexively or used as a substitute for appeal." *Id.*

Here, the Plaintiffs do not explicitly assert an intervening change in controlling law or the availability of new evidence. To the extent the Plaintiffs attempt to assert the need to correct clear error or prevent manifest injustice, the Court finds the Plaintiffs' arguments unavailing.

The thrust of the Plaintiffs' argument in this motion is that the Court should have employed a "reasonable expectations" analysis in deciding whether the Policy covered the *Antoine* Litigation claims. Under that analysis, courts must conduct a two-part test:

*Devcon v. Reliance*
Civil No. 2001-201
Memorandum Opinion
Page 6

> First, [courts] must determine if any patent ambiguity exists in the policy language such that coverage must be provided. Second, if such an ambiguity does not exist, [courts] must determine, were coverage denied, whether the policy language is insufficiently clear such that the average policyholder would be deprived of a reasonable expectation of coverage."

*Oritani Sav. & Loan Ass'n v. Fidelity & Deposit Co.*, 989 F.2d 635, 638 (3d Cir. 1991) (applying New Jersey law).

The Plaintiffs assert that "the majority of jurisdictions, including jurisdictions such as the Virgin Islands . . ., apply the reasonable expectations doctrine in insurance coverage cases . . . ." (Pls.' Mot. for Reconsideration of Summ. J. Order and Amendment of J. 4.) In support of this assertion, the Plaintiffs place great reliance on the Third Circuit Court of Appeals' opinion in *Amerada Hess Corp. v. Zurich Ins. Co.*, 29 Fed. Appx. 800 (3d Cir. 2002) (not precedential). That reliance is misplaced.

In *Amerada Hess*, the Third Circuit reversed a decision of this Court granting summary judgment for the defendant insurer. In holding that summary judgment should have been granted for the plaintiffs insured, the Third Circuit reasoned that the plaintiffs' and defendant's "conflicting, yet 'compelling,' interpretations" were evidence of an "essential ambiguity" in the insurance policy. *Amerada Hess Corp.*, 29 Fed. Appx. at 805. The Third Circuit further found that

*Devcon v. Reliance*
Civil No. 2001-201
Memorandum Opinion
Page 7

> [w]here there is more than one reasonable reading of a policy provision . . . that provision must be construed against the insurance company which has drafted it. Moreover, as we have previously stated in interpreting an insurance policy under Virgin Islands law, any ambiguity in an insurance policy is to be construed against the insurer, and in a manner which is more favorable to coverage.

*Id.* (internal citations and quotations omitted). Thus, the Third Circuit found that

> under Virgin Islands law, if the insured *proffers a reasonable interpretation of an ambiguous term*, then that term controls and the insured is entitled to judgment as a matter of law so long as the undisputed facts fall within the purview of the meaning offered by the insured.

*Id.* (internal quotations omitted; emphasis supplied). The reasoning in *Amerada Hess* is consistent with the Third Circuit's instruction that "when interpreting an insurance policy, courts should give the policy's words their plain, ordinary meaning." *See, e.g., Colliers Lanard & Axilbund v. Lloyds of London*, 458 F.3d 231, 236 (3d Cir. 2006) (applying New Jersey law). That reasoning finds further support in the Third Circuit's guidance that courts should go beyond the plain meaning of an insurance policy only if "the contractual language is ambiguous." *See, e.g., Nationwide Mut. Ins. Co. v. Chiao*, 186 Fed. Appx. 181, 184 (3d Cir. 2006) (applying Pennsylvania law; not precedential); *see also Essex Ins. Co. v. Starlight Mgmt. Co.*, 198 Fed. Appx. 179, 183 (3d Cir. 2006) ("The proper focus regarding issues of

*Devcon v. Reliance*
Civil No. 2001-201
Memorandum Opinion
Page 8

coverage under insurance contracts is the reasonable expectation of the insured. That expectation is governed by the unambiguous language of the insurance policy.") (applying Pennsylvania law; internal citations and quotations omitted; not precedential).

In this case, however, the fatal flaw in the Plaintiffs' argument is that this Court specifically held that "there is no . . . ambiguity here." *Devcon Int'l Corp. v. Reliance Ins. Co.*, Civ. No. 2001-201, 2007 U.S. Dist. LEXIS 78672, at *13 (D.V.I. Oct. 23, 2007). The Court further found that while the "[the *Antoine* Litigation] claims clearly fall within the scope of the Policy[,] . . . the plain language of the pollution exclusion bars coverage of the Plaintiffs' claims." *Id.* at *10, *13. Thus, because the Policy unambiguously excluded coverage for the *Antoine* Litigation claims, there was no need to consider the Plaintiffs' reasonable expectations of coverage. *See*, *e.g.*, *Hospitality Pac, Inc. v. First Occupational Ctr.*, No. 04-4562, 2006 U.S. Dist. LEXIS 1152, at *16-17 (D.N.J. Jan. 13, 2006) ("In light of the Court's finding that the 'personal property' term of the policy unambiguously refers to all property other than real estate, the Court can see no support for the proposition that the parties intended the term to mean anything else."); *Hughes v. State Farm Fire & Cas. Co.*, Civ. No. 2005-357, 2007 U.S. Dist. LEXIS 71962, at *33 (W.D. Pa. Sept. 27, 2007) (not looking to the

*Devcon v. Reliance*
Civil No. 2001-201
Memorandum Opinion
Page 9

parties' reasonable expectations where "[c]overage for damages resulting from a sinkhole [was] unambiguously precluded by the earth movement exclusion"); *Seidenberg v. Mutual Life Ins. Co.*, 949 F. Supp. 269, 280 (D.N.J. 1996) ("The language in issue is not unclear and, therefore, does not justify controverting the plain language of the Insurance Policy. Nor are there 'hidden or unfair reservations' in the Waiver of Premium provision that should be ignored because they are contrary to the reasonable expectation of the insured."), *aff'd* 135 F.3d 766 (3d Cir. 1997).

Given the foregoing, the Plaintiffs have not demonstrated that this Court's October 23, 2007 decision must be revisited due to a clear error of law, to prevent manifest injustice, or for any of the other reasons set forth in Local Rule of Civil Procedure 7.4. As such, the Plaintiffs' motion will be denied. An appropriate order follows.


**Dated: November 9, 2007**          S\_____
                                       **CURTIS V. GÓMEZ**
                                         **Chief Judge**


**Copies to:**     Hon. Geoffrey W. Barnard
                   James L. Hymes, III, Esq.
                   Maria T. Hodge, Esq.
                   Denise Francois, Esq.
                   Douglas L. Capdeville, Esq.

*Devcon v. Reliance*
Civil No. 2001-201
Memorandum Opinion
Page 10

        Richard H. Hunter, Esq.
        Carol C. Jackson
        Olga Schneider
        Lydia Trotman
        Claudette Donovan
        Gregory F. Laufer