```
          IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
                     DIVISION OF ST. CROIX
```

|  |  |
|---|---|
| DEVCON INTERNATIONAL CORPORATION,   ) <br> V.I. CEMENT & BUILDING PRODUCTS,   ) <br> INC., d/b/a MARK 21 INDUSTRIES,   ) <br> INC., d/b/a CONTROLLED CONCRETE   ) <br> PRODUCTS, INC., d/b/a SPRINGFIELD   ) <br> CRUSHER,   ) <br> ) <br> Plaintiffs,   ) <br> ) <br> v.   ) <br> ) <br> RELIANCE INSURANCE COMPANY and THE   ) <br> VIRGIN ISLANDS INSURANCE GUARANTY   ) <br> ASSOCIATION,   ) <br> ) <br> ) <br> Defendants.   ) <br> _____ ) | Civil No. 2001-201 |

**ATTORNEYS:**

**James L. Hymes, III, Esq.**
**Maria T. Hodge, Esq.**
**Denise Francois, Esq.**
St. Thomas, U.S.V.I.
   *For the plaintiffs.*

**Douglas L. Capdeville, Esq.**
St. Croix, U.S.V.I.
   *For defendant Reliance Insurance Company.*

**Richard H. Hunter, Esq.**
St. Croix, U.S.V.I.
   *For defendant The Virgin Islands Insurance Guaranty*
   *Association.*

                    MEMORANDUM OPINION AND ORDER

**GÓMEZ, C.J.**

   Before the Court is the motion of defendant the Virgin

Islands Insurance Guaranty Association ("VIIGA") for an award of

*Devcon v. Reliance*
Civil No. 2001-201
Memorandum Opinion and Order
Page 2

attorneys' fees.

This action was initiated by plaintiffs Devcon International Corporation ("Devcon") and V.I. Cement & Building Products, Inc. ("V.I. Cement") (together, the "Plaintiffs") against their insurer, defendant Reliance Insurance Company ("Reliance"). After the commencement of this action, Reliance was adjudicated to be insolvent by an Order of Liquidation of the Commonwealth Court of Pennsylvania.[1]  Thereafter, the Plaintiffs filed their First Amended Complaint, adding as a defendant the Virgin Islands Insurance Guaranty Association ("VIIGA"), a Virgin Islands nonprofit unincorporated legal entity.[2]  Pursuant to the Order of Liquidation, this Court granted Reliance's motion for an indefinite stay of this action.[3]  That stay is still in effect.

The Plaintiffs sought a declaratory judgment defining the scope and nature of VIIGA's responsibilities to the Plaintiffs under the Plaintiffs' insurance policy for liabilities alleged in other litigation.  Both parties moved for summary judgment.  The

---

[1] *M. Diane Koken, Insurance Commissioner of the Commonwealth of Pennsylvania v. Reliance Insurance Company*, No. 269 M.D. 2001.

[2] VIIGA exists pursuant to Chapter 10, Title 22 of the Virgin Islands Code.  22 V.I.C. § 237(a) provides that when an insurer becomes insolvent, VIIGA is deemed the insurer to the extent of the insurer's obligations, rights and duties on covered claims.

[3] (*See* Order, May 17, 2002.)

*Devcon v. Reliance*
Civil No. 2001-201
Memorandum Opinion and Order
Page 3

Court denied the Plaintiffs' motion and granted VIIGA's motion.[4]

The Plaintiffs thereafter moved for reconsideration of the Court's summary judgment opinion. That motion was denied.[5]

VIIGA now seeks $37,620 in attorneys' fees.

The Plaintiffs raise several arguments against the award of attorneys' fees.[6] The Plaintiffs mainly argue that the Court

---

[4] (*See* Mem. Op. and Order, Oct. 23, 2007.)

[5] (*See* Mem. Op., Nov. 9, 2007.)

[6] Two of those arguments refer to the Court's discretion whether to award attorneys' fees, and how much to award. The Plaintiffs also argue that VIIGA's motion for attorneys' fees is untimely. In support of that assertion, the Plaintiffs rely on Rule 54(d)(2)(B) of the Federal Rules of Civil Procedure. Rule 54(d)(2)(B) provides, in pertinent part, that "the motion [for attorneys' fees] must . . . be filed no later than 14 days after the entry of judgment." FED. R. CIV. P. 54(d)(2)(B). The Plaintiffs assert that because the Court granted summary judgment on October 23, 2007, VIIGA was obligated to file its motion no later than November 6, 2007. VIIGA actually filed its motion on November 19, 2007. The Court finds that assertion unconvincing. Rule 54(d)(2)(B) makes "the entry of judgment" the triggering event for the 14-day deadline. Rule 54(a) defines "judgment" as "any order from which an appeal lies." FED. R. CIV. P. 54(a). Federal appellate jurisdiction requires "a decision by the District Court that 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 467 (1978) (quoting *Catlin v. United States*, 324 U.S. 229, 233 (1945)). The Advisory Committee Notes to Rule 54(b) indicate that the deadline for filing a motion for attorney's fees is "fourteen days after final judgment. . . . One purpose of this provision is to assure that the opposing party is informed of the claim before the time for appeal has lapsed." FED. R. CIV. P. 54 advisory committee's note (1993 amendments). On December 21, 2007, the Court certified its October 23, 2007 ruling pursuant to Rule 54(b) as a final judgment, as contemplated by Rule 54(d)(2)(B). VIIGA filed a renewed motion for attorneys' fees on December 27, 2007. VIIGA's

*Devcon v. Reliance*
Civil No. 2001-201
Memorandum Opinion and Order
Page 4

should stay a determination on VIIGA's motion pending the Plaintiffs' appeal to the Third Circuit. That argument is unpersuasive. The Plaintiffs' appeal does not divest this Court of jurisdiction to hear VIIGA's motion. *See, e.g., West v. Keve*, 721 F.2d 91, 95 n.5 (3d Cir. 1983) ("Should the district court prefer to consider a fee application during a pending appeal on the predicate case, the district court is not divested of jurisdiction to determine the application."). Moreover, the weight of authority is that the usual course is for the Court to consider attorneys' fees promptly after the merits decision rather than stay a motion for attorneys' fees until resolution of the appeal. *See* FED. R. CIV. P. 54 advisory committee's note ("In many nonjury cases the court will want to consider attorneys' fee issues immediately after rendering its judgment on the merits of the case . . . ."); *see also In re Unisys Corp. Retiree Med. Benefits Erisa Litig. Adair*, Civ. No. 03-3924, 2007 U.S. Dist. LEXIS 89317, at *5-6 (E.D. Pa. 2007) (noting that "a number of courts have found that a pending appeal, standing alone, is insufficient reason to postpone a fee decision for an indefinite period"). Given the rather long pendency of this matter, the Court is not persuaded that a stay is warranted.

Having concluded that the Plaintiffs are not entitled to a

---

motion is thus not untimely.

*Devcon v. Reliance*
Civil No. 2001-201
Memorandum Opinion and Order
Page 5

stay, the Court will address whether an award of attorneys' fees is appropriate in this matter.

    Title 5, section 541 of the Virgin Islands Code provides:

Costs which may be allowed in a civil action include:

(1) Fees of officers, witnesses, and jurors;
(2) Necessary expenses of taking depositions which were reasonably necessary in the action;
(3) Expenses of publication of the summons or notices, and the postage when they are served by mail;
(4) Compensation of a master as provided in Rule 53 of the Federal Rules of Civil Procedure;
(5) Necessary expense of copying any public record, book, or document used as evidence in the trial; and
(6) Attorney's fees as provided in subsection (b) of this section.

V.I. CODE ANN. tit. 5, § 541(a) (1986). The statute further provides: "there shall be allowed to the prevailing party in the judgment such sums as the court in its discretion may fix by way of indemnity for his attorney's fees in maintaining the action or defenses thereto . . . ." *Id.* at (b).

    To determine a fair and reasonable award of attorneys' fees, the Court considers factors including the time and labor involved, skill required, customary charges for similar services, benefits obtained from the service and the certainty of compensation. *Lempert v. Singer*, Civ. No. 1990-200, 1993 U.S. Dist. LEXIS 19923, at *5 (D.V.I. December 30, 1993; *see also Morcher v. Nash*, 32 F. Supp.2d 239, 241 (D.V.I. 1998). Reasonable attorneys' fees may include charges for work that was

*Devcon v. Reliance*
Civil No. 2001-201
Memorandum Opinion and Order
Page 6

"useful and of a type ordinarily necessary to secure the final result obtained from the litigation." *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 561 (1986); *see also Gulfstream III Associates, Inc. v. Gulfstream Aerospace Corp.*, 995 F.2d 414, 420 (3d Cir. 1993) (noting that reasonable attorneys' fees may include charges for measures necessary to enforce district court judgments as well as other charges "reasonably expended" to advance the litigation).

Applying the standard outlined above, the Court finds that most of the $37,620 in attorneys' fees claimed by VIIGA was reasonably expended. However, the Court also finds that several items were not reasonable.

For instance, VIIGA's request for reimbursement for undetailed itemizations is problematic. Such entries "are so vague as to prevent meaningful judicial review." *Morcher*, 32 F. Supp. 2d at 242-243. Moreover, "these undifferentiated entries hinder the Court in determining whether the time spent on each of the listed activities was reasonable[.]" *Id.* at 243. At least part of those entries is unreasonable.

Moreover, VIIGA requests reimbursement for time anticipated to defend this fee petition. However, attorneys' fees are awarded on the basis of time spent on the case, not that which is anticipated and may not be realized.

*Devcon v. Reliance*
Civil No. 2001-201
Memorandum Opinion and Order
Page 7

In sum, the Court finds that $6,543.75 of the fees requested is unreasonable and must be deducted from VIIGA's requested reimbursement. Accordingly, it is hereby

**ORDERED** that the Plaintiffs shall reimburse VIIGA for attorneys' fees and costs in the amount of $31,076.25.

**Dated: January 2, 2008**          S\_____
                                    **CURTIS V. GÓMEZ**
                                    **Chief Judge**


**Copies to:**     James L. Hymes, III, Esq.
                   Maria T. Hodge, Esq.
                   Denise Francois, Esq.
                   Douglas L. Capdeville, Esq.
                   Richard H. Hunter, Esq.